UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irene Ramos, | No. 2:22-cv-00479-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| TDB Communications, Inc., et al., | |
| Defendants. | |

Plaintiff Irene Ramos brought this putative wage-and-hour class action against her employers, defendants TDB Communications, Inc. and Gainwell Technologies, LLC, in Sacramento County Superior Court. Defendant Gainwell timely removed to this court, invoking the court's jurisdiction under the Class Action Fairness Act (CAFA). Defendant TDB consents to removal. Plaintiff has moved to remand, arguing defendants failed to establish the amount in controversy exceeds $5 million. As explained below, the court finds defendants have not established it is more likely than not the amount in controversy exceeds $5 million; the court therefore **grants** plaintiff's motion.

I.   DISCUSSION

Plaintiff worked for defendants as a customer service representative from July to September 2021. FAC ¶ 17, Not. Removal Ex. B, ECF No. 1-3. Defendant TDB hired her to work as temporary staff for defendant Gainwell. *Id.* ¶ 20. During her employment, she reported

1

to supervisors for both defendants. *Id.* Plaintiff sued defendants in 2021, alleging unfair business practices and six violations of the California Labor Code: (1) failure to provide complete itemized wage statements in violation of section 226(a); (2) failure to pay minimum wage in violation of section 1194; (3) failure to provide meal period premiums in violation of sections 226.7 and 512(a); (4) failure to timely pay wages upon termination in violation of sections 201 to 203; (5) failure to pay overtime wages in violation of sections 510 and 1194; and (6) failure to reimburse business expenses in violation of sections 2800 and 2802. *See generally id.* Plaintiff also seeks civil penalties under the Private Attorneys General Act, Labor Code section 2698 *et seq. Id.* ¶¶ 72–75. Plaintiff seeks to represent a class of all current and former hourly-paid or non-exempt employees who worked for either defendant in California at any time between October 21, 2017 and October 21, 2021. *Id.* ¶ 12; *see also* Mot. Remand at 4, ECF No. 3.

As noted, defendant Gainwell timely removed to this court, invoking this court's jurisdiction under CAFA. *See generally* Not. Removal, ECF No. 1. Gainwell determined removal was appropriate after receiving plaintiff's first set of discovery requests, which suggested plaintiff sought to represent a class including Gainwell's direct non-exempt employees, not—as Gainwell previously understood—just individuals jointly employed by TDB and Gainwell. *Id.* ¶ 4. Defendant TDB consents to removal. Not. Removal, Ex. E, ECF No. 1-6. Plaintiff moved to remand, arguing this court lacks subject matter jurisdiction because defendants have not shown more than $5 million dollars is in controversy. *See generally* Mot. Remand. Gainwell concedes plaintiff's claims place only $4,125,009 in controversy, but it argues the amount in controversy exceeds $5 million "once attorneys' fees are taken into account . . . ." Opp'n at 10, ECF No. 4. The court received full briefing and submitted the matter without oral argument. *See* Opp'n, ECF No. 4; Reply, ECF No. 5; Min. Order, ECF No. 6.

/////

/////

/////

Even assuming without deciding that Gainwell's $4,125,009[1] calculation is accurate, Gainwell falls far short of proving the amount of attorneys' fees at stake by a preponderance of the evidence. Gainwell estimates the attorneys' fees at issue here by assuming attorneys' fees will be 25 percent of plaintiff's potential damages. *See* Not. Removal ¶¶ 43–48; Opp'n at 11. Gainwell does not support this argument with any evidence, arguing only that "this Court has previously found this precise figure permissible in the context of evaluating CAFA jurisdiction." Opp'n at 11 (citing, e.g., *Marshall v. Faneuil, Inc.*, No. 17-01975, 2018 WL 3738372, at *5 (E.D. Cal. Aug. 7, 2018)). However, as the Ninth Circuit recently explained, courts in this circuit

> require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence, [citing cases]. A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof.

*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Gainwell's conclusory assertion that the amount of attorneys' fees in controversy here is 25 percent of plaintiff's alleged recovery is simply insufficient to meet Gainwell's evidentiary burden at this stage. *See id.* at 796 (declining to adopt per se rule that amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery because doing so would "relieve the defendant of its evidentiary burden").

**II.   CONCLUSION**

Because Gainwell has not shown it is more likely than not that $5 million is in controversy, the court **grants** plaintiff's motion to remand.

/////

---

[1] Gainwell's notice of removal initially estimated plaintiff's claims to place $4,449,400 in controversy, of which $2,860,000 was for meal and rest break violations alone. Not. Removal ¶ 41. Plaintiff only objected to Gainwell's estimate of the value of the meal and rest break violations, arguing four violations per pay period was a more reasonable estimate than Gainwell's ten. Mot. Remand at 10. In its opposition to plaintiff's motion to remand, Gainwell revised the estimated number of meal and rest break violations to be eight per pay period, and added the updated value of TDB's claims, bringing the total estimated value of the claims to $4,125,009. Opp'n at 11.

1        This order resolves ECF No. 3.  This order also **vacates** the hearing set for July 28, 2022
2 and **closes** the case.
3        IT IS SO ORDERED.
4 DATED:  July 22, 2022.

                                                              CHIEF UNITED STATES DISTRICT JUDGE